**Electronically Filed
Intermediate Court of Appeals
29905
30-APR-2013
08:35 AM**

NO. 29905

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


WELLS FARGO BANK, N.A., AS TRUSTEE FOR OPTION
ONE MORTGAGE LOAN TRUST 2007-CPI ASSET-BACKED
CERTIFICATES, SERIES 2007-CPI, Plaintiff-Appellee, v.
CAROL JEAN HIMALAYA-FIDELE, Defendant-Appellant
and JOHN AND MARY DOES 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-1478)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Carol Jean Himalaya-Fidele
(**Appellant**) appeals from a Judgment entered by the Circuit Court
of the First Circuit (**Circuit Court**) on June 8, 2009, and
challenges the Circuit Court's Order Granting a Motion for
Summary Judgment and for Writ of Ejectment, in favor of
Plaintiff-Appellee Wells Fargo Bank, N.A., as Trustee for Option
One Mortgage Loan Trust 2007-CP1 Asset-Backed Certificates,
Series 2007-CP1 (**Wells Fargo**).[1]

On appeal, Appellant generally contends that the party
who conducted the non-judicial foreclosure sale of Appellant's
property, located at 1565 Ahihi Street, Honolulu, Hawai'i, 96819
(**Property**), had no statutory or contractual right to foreclose;

---

[1] The Honorable Karen N. Blondin presided.

and therefore, the transfer of title to the Property to Wells Fargo was void.

Appellant raises three points of error on appeal:

1. The Circuit Court erred in granting summary judgment in favor of Wells Fargo and ordering ejectment because genuine issues of material fact were in dispute and Wells Fargo was not entitled to judgment as a matter of law;

2. The Circuit Court lacked subject matter jurisdiction because Wells Fargo violated Hawaii Revised Statutes (HRS) § 667-5 (1993), and therefore lacked standing to bring a motion for ejectment; and

3. The Circuit Court failed to make sufficient findings in violation of Hawai'i Rules of Civil Procedure (HRCP) Rule 52(a).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised by the parties, we resolve Appellant's points of error as follows:

Appellant contends that Wells Fargo lacked standing to eject her because the underlying non-judicial foreclosure sale, from which Wells Fargo derives its interest in the Property, is void for failure to comply with HRS § 667-5 because Mortgage Electronic Registration System, Inc. (MERS) was not the real-party-in-interest. This argument is without merit.

The plain language of HRS § 667-5 provides that "the mortgagee, or the mortgagee's successor in interest, or any person authorized by the power to act in the premises, may . . . give notice of the . . . intention to foreclose the mortgage and of the sale of the mortgaged property." HRS § 667-5. Moreover, pursuant to HRS § 667-7 (1993), "[t]he true intent and meaning of section 667-5 is that . . . the affidavit contemplated by section 667-5 may lawfully be made by any person duly authorized to act for the mortgagee, and in such capacity conducting the

foreclosure." Acts to be done by a mortgagee pursuant to a non-judicial foreclosure are not required to be done personally, and may be performed by an attorney or a business agent. HRS § 667-7 (1993) ("[T]he affidavit contemplated by section 667-5 may lawfully be made by any person duly authorized to act for the mortgagee, and in such capacity conducting the foreclosure."); Wailuku Sugar Co. v. Dean, 8 Haw. 108, 108-09 (1890); Lee v. HSBC Bank USA, 121 Hawai'i 287, 292, 218 P.3d 775, 780 (2009) ("A mortgagee, or an entity acting on its behalf, cannot, however, proceed with a nonjudicial foreclosure under a power of sale clause in the mortgage unless it complies with . . . HRS § 667-5[.]"); see also Citicorp Mort., Inc. v. Bartolome, 94 Hawai'i 422, 434, 16 P.3d 827, 839 (App. 2000) (holding, inter alia, that "even if Fannie Mae owned the loan prior to the foreclosure sale, there was no jurisdictional problem, because HRCP Rule 17(a) specifically allows for ratification of an action by the real party in interest. Fannie Mae expressly ratified the foreclosure action by CMI in an August 12, 1998 affidavit.")

Here, Appellant's mortgage names MERS as mortgagee and specifically grants and conveys to MERS "and to the successors and assigns of MERS, with power of sale[.]" Although all statutorily required notices were caused to be filed by MERS, and the public sale was conducted by MERS, on May 9, 2008, an Amendment of Mortgagee's Affidavit of Foreclosure Sale Under Power of Sale (**Amended Affidavit of Sale**) sale was recorded in the Bureau of Conveyances, listing Wells Fargo as the Mortgagee. The Amended Affidavit of Sale indicates that Appellant's mortgage in favor of MERS was "assigned to Wells Fargo . . . by assignment dated February 28, 2008, recorded as aforesaid as Document No. 2008-037028[.]" The Amended Affidavit of Sale further indicates that the affiant "has represented and acted on behalf of [MERS], solely as nominee and Wells Fargo . . . in the matters set forth herein[,]" i.e., the non-judicial foreclosure proceedings.

3

Moreover, the Amended Affidavit of Sale states that "[i]n all other respects said Mortgagee's Affidavit of Foreclosure Sale Under Power of Sale is hereby ratified and confirmed." The required acts under HRS § 667-5 were done by a person properly acting for the mortgagee and therefore the provisions of the statute are satisfied. Wells Fargo ratified the actions taken by MERS in its Amended Affidavit of Sale, which expressly states that the original Affidavit of Sale "is hereby ratified and confirmed." Accordingly, even if Wells Fargo possessed the sole authority to invoke the power of sale, it expressly ratified MER's actions in doing so.

Appellant's argument that HRCP Rule 17(a) does not apply here is inapposite. This Court previously considered this issue in Citicorp by noting that "even if [the assignee] owned the loan prior to the foreclosure sale, there was no jurisdictional problem, because HRCP Rule 17(a) specifically allows for ratification of an action by the real party in interest." Citicorp, 94 Hawai'i at 434, 16 P.3d at 839.

Appellant also argues that the sale to Wells Fargo was void because an alleged first mortgagee, American General Financial Services of Hawaii, Inc. (AGFS), was not given notice of the non-judicial foreclosure. Pursuant to HRS § 667-5, specifically governing non-judicial foreclosures, notice of the intent to foreclose and of the sale of the mortgaged property must be given by (1) publication of the notice for three weeks in a newspaper having general circulation in the county in which the mortgaged property lies, (2) filing notices with the State of Hawai'i Director of Taxation, (3) posting the notice on the premises of the mortgaged property, and (4) giving "such notices and do all such acts as are authorized or required by the power

contained in the mortgage."[2] <u>See</u> HRS § 667-5. The non-judicial foreclosure statute does not include a requirement that notice be given to senior lienholders.[3]

In an affidavit dated April 29, 2008, counsel for MER attested that, in compliance with HRS §§ 667-5 through 667-10 and "a mortgage dated November 14, 2006, recorded in the Bureau of Conveyances as Document No. 2007-023057," affiant (1) forwarded a Notice of Intent to foreclose "to all parties who have recorded encumbrances, liens and/or other claims" against the Property, to MERS, the State of Hawai'i Department of Taxation, and to Appellant, (2) caused to be posted on the Property a Notice of Intent, (3) appropriately published the Notice of Intent in the Honolulu Star-Bulletin, and (4) that a Notice of Intent was recorded in the Bureau of Conveyances on February 29, 2008, as Document No. 2008-030379. Based on the uncontroverted evidence in the record, it appears that the notice requirements of HRS § 667-5 were complied with, and therefore, AGFS was given whatever notice it was due.

We note, also, that HRS § 667-6 (1993) provides a mechanism for mortgage creditors to request a notice of foreclosure, and provides, in relevant part:

> Whenever a mortgage creditor having a mortgage lien on certain premises desires notice that another mortgage creditor having a mortgage lien on the same premises intends to foreclose the mortgage and sell the mortgaged property

---

[2] The power of sale clause in Appellant's mortgage with MERS only appears to require that additional notices be given to Appellant and to the Lender under the mortgage. As noted above, notice was given to both Appellant and MERS. The mortgage does not appear to require any further notice to any additional parties.

[3] Indeed, the rights of a senior lienholder would not be extinguished by the foreclosure by a junior lienholder. <u>See, e.g.,</u> HRS § 667-3. This is, in effect, acknowledged in the Affidavit of Sale which provides that the property is sold "without covenant or warranty, express or implied, as to title, possession or encumbrances[.]" Nothing in the record or in the Affidavit of Sale attempts to sell the Property "free and clear" of all mortgages, liens, and encumbrances. Therefore, the non-judicial foreclosure sale did not effect a termination of AGFS's first mortgage lien on the Property, nor did Wells Fargo request that either the Circuit Court or this Court find such a termination.

pursuant to a power of sale under section 667-5, <u>the mortgage creditor may submit a written request to the mortgagee foreclosing or who may foreclose the mortgage by power of sale, to receive notice of the mortgagee's intention to foreclose the mortgage under power of sale</u>. This request for notice may be submitted any time after the recordation or filing of the subject mortgage at the bureau of conveyances or the land court, but must be submitted prior to the completion of the publication of the mortgagee's notice of intention to foreclose the mortgage and of the sale of the mortgaged property. <u>This request shall be signed by the mortgage creditor, or its authorized representative, desiring to receive notice, specifying the name and address of the person to whom the notice is to be mailed</u>. The mortgagee receiving the request shall thereafter give notice to all mortgage creditors who have timely submitted their request. The notice shall be sent by mail or otherwise communicated to the mortgage creditors, not less than seven calendar days prior to the date of sale.

(Emphasis added.) There is no evidence in the record that AGFS submitted a written request for notice to either MERS or Wells Fargo. Accordingly, it appears from the record that the statutory notice requirements have been satisfied.

Appellant claims that the mortgage executed in favor of AGFS contains a "Request for Notice of Default and Foreclosure Under Superior Mortgages or Deeds of Trust" that was intended to preserve HRS § 667-6 rights of that mortgage holder to notice of any non-judicial foreclosure sale. The request for notice in the mortgage document states that the "Mortgagor and Lender request the holder of any mortgage . . . or other encumbrance <u>with a lien which has priority over this Mortgage</u> to give notice to Lender . . . of any default under the superior encumbrance and of any sale or other foreclosure action." While the request appears to be directed to those creditors with liens which have "priority over" AGFS's mortgage, even if it is intended to apply equally to junior lienholders, the request does not appear to comply with HRS § 667-6. HRS § 667-6 requires that a written request be submitted "to the mortgagee foreclosing or who may foreclose," not merely attached to a previously recorded mortgage document. It does not appear from the record that a request for notice was submitted or otherwise communicated to either MERS or Wells

6

Fargo.  Moreover, HRS § 667-6 requires that the request be signed "by the mortgage creditor, or its authorized representative, desiring to receive notice[.]"  The copy of the request for notice contained in the mortgage document, as well as the mortgage document itself, does not appear to contain the signature of such an authorized AGFS representative.  Accordingly, it does not appear that the request found in the mortgage document was "intended to preserve" any rights or entitlements to notice pursuant to HRS § 667-6.

Appellant's contention that, because MERS had no contractual or statutory authority to conduct the foreclosure sale, Wells Fargo failed to assert and prove any legally-protected interest necessary to establish its standing; therefore, the Circuit Court lacked subject matter jurisdiction to act on the merits of Wells Fargo's motion for summary judgment or to enforce ejectment in this case.  This argument is without merit.

The circuit courts have jurisdiction over "[c]ivil actions and proceedings[.]"  HRS § 603-21.5 (Supp. 2007).  A complaint for ejectment is a civil action or proceeding within the meaning of HRS § 603-21.5.  As discussed above, the actions taken by MERS to conduct the non-judicial foreclosure sale were properly ratified by Wells Fargo.  Accordingly, Wells Fargo had standing to bring the ejectment suit against Appellant.  Therefore, the Circuit Court properly exercised subject matter jurisdiction over the ejectment proceeding.

Finally, we reject Appellant's contention that the Circuit Court erred because it failed to make sufficient findings of fact and conclusions of law.  Under HRCP Rule 52(a), "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rule[] . . . 56[.]"  A Circuit Court need not issue findings of fact for cases disposed of on summary judgment "because disputed issues of fact cannot be resolved on

7

summary judgment." <u>Dalton v. City & Cnty. of Honolulu</u>, 51 Haw. 400, 404 n.2, 462 P.2d 199, 203 n.2 (1969); <u>see</u> <u>also</u> <u>Provident Funding Assocs., L.P. v. Vimahi</u>, No. 29797 (App. Nov. 10, 2010) (SDO) (holding that the circuit court was not required to issue findings of fact and conclusions of law pursuant to HRCP Rule 52(a) where it disposed of an action for ejectment via a motion for summary judgment). Here, the Circuit Court disposed of this case via a motion for summary judgment, pursuant to HRCP Rule 56, and therefore, the Circuit Court was not required to issue any findings of fact or conclusions of law.

For these reasons, the Circuit Court's June 8, 2009 Judgment is affirmed.

DATED: Honolulu, Hawai'i, April 30, 2013.

On the briefs:

Gary Victor Dubin
Long H. Vu
Frederick J. Arensmeyer
(Dubin Law Offices)
for Defendant-Appellant

Lester K.M. Leu
Gary Y. Okuda
Karyn A. Doi
(Leu & Okuda)
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge